IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:19-CV-00378 ) |
| RICKY NELL ROBERTSON, JR.; MARSHA ZERPA, as Surviving Spouse of NICHOLAS RICO ZERPA, deceased, and as the Personal representative of the Estate of NICHOLAS RICO ZERPA; JOHN DOES 1-5 and JANE DOES 1-5, wrongful death beneficiaries of NICHOLAS RICO ZERPA, deceased; XPO LOGISTICS FREIGHT, INC.; and TIMOTHY LEE CHAMBERS; | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR INTERPLEADER

COMES NOW Plaintiff Progressive Southeastern Insurance Company, by and through its attorneys undersigned, and pursuant to 28 U.S.C. §§ 1332, 1335, 1397, and 2361, and for its Complaint for Interpleader states as follows:

## PARTIES

1. Progressive Southeastern Insurance Company ("Progressive") is an insurance company incorporated in the state of Indiana with its principal office located in Indianapolis, Indiana.

2. Ricky Nell Robertson, Jr. is an individual and a citizen of the state of Missouri, and resides in Joplin, Jasper County, Missouri.

1

3. Marsha Zerpa is the surviving spouse of Nicholas Rico Zerpa, deceased, and resides in Joplin, Jasper County, Missouri. Marsha Zerpa is also the personal representative of the Estate of Nicholas Rico Zerpa, deceased.

4. John Does 1-5 and Jane Does 1-5 are the wrongful death beneficiaries for the death of Nicholas Zerpa, deceased, pursuant to Mo. Rev. Stat. § 537.080.

5. XPO Logistics Freight, Inc. is a corporation organized and existing under the laws of the state of Delaware with its corporate headquarters in Ann Arbor, Michigan.

6. Timothy Lee Chambers is an individual and a citizen of the state of Missouri, and resides in Braymer, Caldwell County, Missouri.

## JURISDICTION AND VENUE

7. This court has diversity jurisdiction over the parties to this action pursuant to 28 U.S.C. § 1332(a) in that the dispute is between the plaintiff insurer and citizens of different states such that there is complete diversity between the plaintiff and each of the defendants. The amount in controversy exceeds $75,000. This court has original jurisdiction pursuant to 28 U.S.C. § 1335.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a) and § 1397.

## THE POLICY

9. Progressive issued a commercial auto policy to Capital Industries, LLC and Four Points Moving identified as Policy No. 06281019-0 (the "Policy"). The Policy, effective from November 1, 2017 to November 1, 2018, contains bodily injury and property damage liability coverage up to a combined single limit of $1,000,000. The Policy insured a 1995 Isuzu NPR bearing a VIN of JALB4B1KXS7019012. A certified copy of Policy No. 06281019-0 is attached hereto as Exhibit "A."

10. The Policy was issued in the state of North Carolina, and contains bodily injury and property damage liability coverage which states in relevant part:

### PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**.

. . .

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A. When used in Part I – Liability To Others, **insured** means:

1. **You** with respect to an **insured auto**.

2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow . . .

. . .

   For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.

. . .

**LIMIT OF LIABILITY**

**We** will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:

1. the number of premiums paid;

2. the number of **insured autos** or trailers shown on the **declarations page**;

3. the number of policies issued by **us**;

4. the number of vehicles or **insureds** involved in an **accident**; or

5. the number of claims or lawsuits arising out of an **accident**, subject to the following:

. . .

    2. **Combined Bodily Injury and Property Damage Limits**

    Subject to the terms of Section 1 above, if **your declarations page** indicates that combined **bodily injury** and **property damage** limits apply for "each accident" or "combined single limit" applies, the most **we** will pay for the aggregate of all damages and **covered pollution cost of expense** combined, resulting from any one **accident**, is the combined liability insurance limit shown on the **declarations page** for the **insured auto** involved in the **accident**.

## **FACTS**

11. On September 28, 2018 at approximately 9:55 a.m., Ricky Nell Robertson, Jr. was operating the insured 1995 Isuzu NPR northbound on Interstate 49 in Bates County, Missouri approximately 177 feet south of mile marker 134.6 when, according to the Missouri Highway Patrol, the Isuzu had an equipment failure of the front left drive tire.

12. At that date and time, Nicholas Zerpa was a passenger in the Isuzu.

13. At that date and time, the Isuzu crossed into the median and then into a southbound lane of Interstate 49, striking a 2017 Kenworth tractor trailer operated by Timothy Lee Chambers and owned by XPO Logistics Freight, Inc.

14. The force of the impact between the two vehicles caused Robertson and Zerpa to be ejected from the Isuzu.

15. Nicholas Zerpa died from injuries caused by the accident.

16. Ricky Nell Robertson, Jr. sustained critical injuries as a result of the accident.

17. Upon information and belief, Timothy Lee Chambers may have sustained injuries as a result of the subject accident.

18. The tractor and trailer owned by XPO Logistics Freight, Inc. sustained damage as a result of the subject accident.

19. Nicholas Zerpa was the title owner of the Isuzu NPR.

20. Nicholas Zerpa was an owner and member of Capital Industries, LLC.

21. Capital Industries, LLC was a named insured on the Progressive policy.

## COUNT I

## CLAIM FOR INTERPLEADER

22. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 21 of its Complaint for Interpleader as if fully stated herein.

23. Plaintiff is an insurance company which issued the Policy which provides liability insurance coverage to Capital Industries, LLC and Four Points Moving as named insureds.

24. The Policy also provides liability coverage for this accident to Nicholas Zerpa, who owned the Isuzu, and the estate of Nicholas Zerpa, given Mr. Zerpa's death in this accident.

5

25. The Policy also provides liability coverage to Ricky Nell Robertson, Jr., who, upon information and belief, was a permissive user of the Isuzu on the date and time of the subject accident.

26. Defendants are adverse claimants, and either have or will make competing claims for wrongful death, bodily injury and/or property damage against the liability coverage of the Policy.

27. Defendants' claims are adverse and independent of one another.

28. The claims being asserted by the defendants are all actual or potential claims against Progressive's insureds arising from the subject accident.

29. The total amount of the claims being made against Progressive and its insureds exceed the $1 million dollar combined single limit for bodily injury and property damage liability coverage available under the Policy for the subject accident.

30. Progressive and its insureds are exposed to double or multiple liability by the Defendants' competing claims.

31. The wrongful death, personal injury, and property damage claims arising from the subject accident arose in Bates County, Missouri.

32. Missouri substantive law applies to this action for interpleader.

33. Within ninety (90) days of the filing of this action, a demand was received by Plaintiff for the policy limits of the Policy.

34. Pursuant to Mo. Rev. Stat. § 507.060, Progressive seeks an Order from this Court to deposit its combined single limit of $1,000,000 into the Court within thirty (30) days and an Order stating that Plaintiff shall not be liable to any insured or Defendant for any amount in excess of the Plaintiff's $1,000,000 combined single limit in liability coverage.

6

35. Progressive is a disinterested stakeholder regarding distribution of the policy proceeds, and will, upon the Court's Order, deposit the $1,000,000 combined single limit into the Registry of the Court for distribution to Defendants as this Court shall order.

WHEREFORE, Plaintiff Progressive prayer for an Order of the Court as follows:

A. That the Court declare the rights of the parties concerning the $1,000,000 combined single limit for liability coverage, which constitutes the interplead proceeds; and

B. That the Court enter an Order distributing the interplead proceeds to Defendants;

C. That the Court order that that pursuant to Mo. Rev. Stat. § 507.060, Plaintiff shall not be liable to pay any amount in excess of the interplead proceeds to Capital Industries, LLC, Four Points Moving, Ricky Nell Robertson, Jr., and the Estate of Nicholas Rico Zerpa or any other person or entity entitled to liability coverage under the Progressive Policy as a result of the subject accident;

D. That the Court order that pursuant to Mo. Rev. Stat. § 507.060, Plaintiff shall not be liable to pay any amount in excess of the interplead proceeds to Defendants or any other claimant seeking damages as a result of the subject accident;

E. For such further relief as this Court deems just and proper.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ Suzanne R. Bruss*
JOHN MULLEN #42309
SUZANNE R. BRUSS #60319
8900 Ward Parkway
Kansas City, Missouri 64114
Phone: (816) 421-7100
Fax: (816) 421-7915
jmullen@fsmlawfirm.com
sbruss@fsmlawfirm.com
**Attorneys for Plaintiff Progressive Southeastern Insurance Company**