IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PROGRESSIVE SOUTHEASTERN )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 ) Case No. 4:19-cv-00378-SRB
  vs. )
 )
RICKY NELL ROBERTSON, JR., et al., )
 )
    Defendants. )
 )

**ORDER**

Before the Court is Defendant/Claimant Ricky Nell Robertson, Jr.'s Motion to Stay Interpleader Proceeding (Doc. #6) and Defendant/Claimant Marsha Zerpa's Joinder in Defendant Robertson's Motion for Stay of Interpleader (Doc. #10). For the following reasons the motions are granted.

### I. Background

On June 12, 2019, Plaintiff Progressive Southeastern Insurance Company filed its First Amended Complaint for Interpleader (Doc. #20) pursuant to 28 U.S.C. § 1335. Plaintiff issued a commercial automobile insurance policy (the "Policy") that "[c]ontained bodily injury and property damage liability coverage up to a combined single limit of $1,000,000" (the "Policy Limit"). (Doc. #20, ¶ 10). The Policy "insured a 1995 Isuzu NPR" (the "Isuzu") that was later involved in a multi-party collision. (Doc. #20, ¶¶ 10–14). Defendant/Claimant Robertson was operating the Isuzu at the time of the collision. (Doc. #20, ¶ 12). At that time, Defendant/Claimant Marsha Zerpa's decedent son, Nicholas Zerpa, owned and was a passenger in the Isuzu. (Doc. #20, ¶ 13). The collision also involved a tractor trailer operated by

Defendant/Claimant Timothy Lee Chambers and owned by Defendant/Claimant XPO Logistics Freight, Inc. ("XPO"). (Doc. #20, ¶ 14). Defendant/Claimant Robertson has moved to stay Plaintiff's interpleader action pending the outcome of his state-court negligence action in Jasper County, Missouri. (Doc. #6). Defendant/Claimant Zerpa has joined in Defendant/Claimant Robertson's motion, requesting a stay pending the outcome of her wrongful death action in Bates County, Missouri. (Doc. #10).

II. **Legal Standard**

Under the federal interpleader statute, "[D]istrict courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having issued a . . . policy of insurance . . . of value or amount of $500 or more" as long as 1) "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . arising by virtue of any . . . policy" and 2) "the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court . . . ." 28 U.S.C. § 1335(a). This statute and Federal Rule of Civil Procedure 22 "are designed to protect stakeholders not only from double or plural liability but also from duality or plurality of suits, and both the statute and the rule are to be construed liberally." *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136 (8th Cir. 1976); *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357 (8th Cir. 1966)).

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "[A] court may dismiss or stay an interpleader proceeding if an action already pending before another court might obviate the need for

employing the interpleader remedy or eliminate the threat of multiple vexation." *Home Indem. Co. v. Moore*, 499 F.2d 1202, 1206 (8th Cir. 1974) (discussing interpleader under Federal Rule of Civil Procedure 22); *see also Clay Reg'l Water v. City of Spirit Lake, Iowa*, 193 F. Supp. 2d 1129, 1139 (N.D. Iowa 2002) (citing *National Union Fire Ins. Co. of Pittsburgh v. Karp,* 108 F.3d 17 (2d Cir.1997)) (discussing § 1335 and noting that "federal courts in their discretion may dismiss or stay statutory interpleader actions in favor of ongoing state proceedings").

### III. Discussion

Defendant/Claimant Robertson argues that a stay of this interpleader proceeding "would allow for the most efficient processing of this case, in that it would permit all of the [C]laimants/Defendants to litigate their tort claims against all of those whom they feel are responsible for their harms and losses," and "would also protect the fund until this Honorable Court has the information it needs to move forward with a plan to distribute the fund among all of the Claimants/Defendants." (Doc. #7, p. 5). Defendant/Claimant Zerpa also supports a stay, arguing that adjudication of her and Defendant/Claimant Robertson's state-court claims "will assist this Court in disposition of the interpleaded monies, will promote judicial economy and will prevent inconsistent dispositions." (Doc. #10, pp. 1–2). Plaintiff has no objection to the requested stay if the Court does the following before issuing such a stay: 1) find all claimants have been joined as defendants in this interpleader action; 2) find all defendants have answered the Complaint for Interpleader; and 3) enter an order pursuant to Mo. Rev. Stat. § 507.060 authorizing Plaintiff to deposit the $1,000,000 Policy Limit into the Court's registry and "stating that Plaintiff owes no amount in excess of the $1,000,000 policy limit to any defendant or insured." (Doc. #15, p. 2). While Defendant/Claimant Robertson "agrees that at this time[] the known coverage available [under the Policy Limit] is $1 million," he points out that "discovery

3

is ongoing in the underlying state court personal injury and wrongful death actions" and "respectfully asks that this Court refrain from making a determination that" the Policy Limit "is the only insurance available to the claimants/defendants."  (Doc. #25, pp. 1–2) (emphasis omitted).

The Court finds that a stay of the present interpleader action is proper.  The Court declines Plaintiff's request to find that all claimants have been joined as defendants and that Plaintiff owes no amount in excess of the Policy Limit to any defendant or insured.  Resolution of these issues would be premature at this time.  The Court, however, does find it proper that Plaintiff deposit the $1,000,000 Policy Limit into the Court's registry, there to remain in an interest-bearing account, pending the Court's ultimate disposition of said funds in this interpleader action.  The Court will enter a separate order to that effect.

### IV. Conclusion

Accordingly, it is **ORDERED** that Defendant/Claimant Ricky Nell Robertson, Jr.'s Motion to Stay Interpleader Proceeding (Doc. #6) and Defendant/Claimant Marsha Zerpa's Joinder in Defendant Robertson's Motion for Stay of Interpleader (Doc. #10) are granted. Accordingly, this interpleader action is **STAYED** pending further order of this Court.  It is **FURTHER ORDERED** that the parties shall file a report advising the Court on the status of the state-court proceedings discussed above ninety (90) days from the date of this Order and every ninety (90) days thereafter.  It is **FURTHER ORDERED** that Defendant/Claimant Robertson's Motion to Dismiss Crossclaim (Doc. #23) is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2019